## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **YEFRI MEDRANO and NORMA** | § | |
| **MORENO,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **No. 3:10-CV-02565-M (BF)** |
| | § | |
| **BAC HOME LOANS SERVICING, LP** | § | |
| *formerly known as Countrywide Home* | § | |
| *Loans Servicing, LP,* | § | |
| **Defendant.** | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is Defendant BAC Home Loans Servicing, LP's ("Defendant"), formerly known as Countrywide Home Loans Servicing, LP, Motion for Summary Judgment (doc. 53), filed on February 7, 2012. Plaintiffs Yefri Medrano and Norma Moreno ("Plaintiffs") originally filed this wrongful foreclosure action against Defendant in the 192nd Judicial District Court of Dallas County, Texas. On December 16, 2010, Defendant removed the case to federal court pursuant to diversity jurisdiction under 28 U.S.C. § 1332(a). In the Motion for Summary Judgment, Defendant contends that summary judgment should be granted in its favor on all of Plaintiffs' causes of action against Defendant. Plaintiffs failed to file a response and the time to do so has expired. For the following reasons, the Court recommends that the District Court **GRANT** Defendant's Motion for Summary Judgment and enter judgment in favor of Defendant.

### Standard of Review

Summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Only disputes about material facts will preclude the court's granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The burden is on the movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support his motion with evidence negating the non-movant's case. Rather, the movant may satisfy his burden by pointing to the absence of evidence to support the non-movant's case. *Little*, 37 F.3d at 1075. Once the movant meets his burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "[A properly supported summary judgment motion] requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324. *See* FED. R. CIV. P. 56(e). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the

precise manner in which that evidence supports her claim. *Ragas,* 136 F.3d at 458. Rule 56(e) outlines what a response must include in order to properly oppose a motion for summary judgment. FED. R. CIV. P. 56(e). If the party opposing summary judgment does not respond, the court may grant summary judgment if the movant has made a prima facie showing that it is entitled to relief. *Eversly v. Mbank,* 843 F.2d 172, 174 (5th Cir.1988); FED. R. CIV. P. 56(e). Nevertheless, a court may not grant a default summary judgment simply because the non-movant has failed to respond. *Eversly,* 843 F.2d at 174; *Tutton v. Garland Indep. School Dist.,* 733 F.Supp. 1113, 1117 (N.D.Tex. 1990). The court may, however, accept the movant's evidence as undisputed. *United States v. $252, 671.48 in U.S. Currency,* 734 F.Supp. 254, 256 (N.D.Tex.1990); *Tutton,* 733 F.Supp. at 1117. The court must then determine if the movant has made a prima facie showing of its entitlement to summary judgment based upon the movant's undisputed evidence. *Vega v. Parsley,* 700 F.Supp 879, 881 (W.D. Tex.1988).

Here, as the non-moving party for summary judgment who also carries the burden of proof at trial, Plaintiffs have the obligation of outlining specific facts in the record that would create genuine issues of fact causing this Court to deny summary judgment. *See Bookman v. Shubzda,* 945 F.Supp. 999, 1003 (N.D. Tex. 1996). A duty to search the entire record to find evidence supporting the nonmovant's opposition is not imposed upon the district court. *Jones v. Sheehan, Young, & Culp, P.C.,* 82 F.3d 1334, 1338 (5th Cir.1996). Because Plaintiffs failed to respond to Defendant's Motion for Summary Judgment, Plaintiffs did not meet their burden of designating specific facts which relate to their claims and would create genuine issues for trial. *See Bookman,* 945 F.Supp at 1004. In this case, the Court will accept Defendant's summary judgment evidence as undisputed. *See Tutton,* 733 F.Supp. at 1117.

## Undisputed Material Facts[1]

On July 19, 2005, Plaintiffs obtained a loan for $101,900.00 (the "Loan") for the purchase of property located at 4430 Marigold Trail, Mesquite, Texas 75150 (the "Property"). Concurrently, Plaintiffs also executed a Deed of Trust naming Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and thus granting it a security interest in the Property. Subsequently, the Loan and Deed of Trust were assigned to Defendant.

Plaintiffs consistently failed to make timely payments on the loan every year since 2005. On March 8, 2010, consistent with the Texas Property Code, a Notice of Default and Intent to Accelerate was sent to Plaintiffs at the Property via certified mail. On September 13, 2010, consistent with the Texas Property Code, a notice of acceleration was sent to the Plaintiffs at the Property via certified mail. Additionally, on September 13, 2010, consistent with the Texas Property Code, a Notice of Trustee's Sale was sent to the Plaintiffs at the Property via certified mail.

As of October 5, 2010, Plaintiffs were delinquent on their payments and in default under the Loan. Thus, a foreclosure sale was held on October 5, 2010, and the Property was sold at or above market value. Plaintiffs were never told that the foreclosure sale would not proceed. Plaintiffs also never disputed the validity of the debt. Nor did Plaintiffs tender the amount past due, let alone the accelerated amount, owed on the Loan. Plaintiffs simply lacked the financial capacity to tender the total amount owed on the Loan. Despite not having made any rental or mortgage payments since the

---

[1] These facts are taken from the "Statement of Facts" portion of Defendant's Brief in Support of its Motion for Summary Judgment ("Def. Br.), filed in accordance with Local Rule 56.3 of the Northern District of Texas. Plaintiff has not filed a response to Defendant's motion. Consequently, the "Statement of Facts" contained in Defendant's brief is admitted for purposes of Defendant's motion for summary judgment. *See Gaspard v. Amerada Hess Corp.,* 13 F.3d 165, 166 n. 1 (5th Cir. 1994); *Eversley,* 843 F.2d at 174.

4

foreclosure sale, Plaintiffs remain in possession of the Property. In fact, Plaintiffs admit that they have not sustained any damages in connection with the foreclosure sale.

<u>Analysis</u>

In their Original Petition, Plaintiffs allege causes of action for wrongful foreclosure and violations of the Texas Property Code, the Texas Business & Commerce Code, the Texas Finance Code, and the Deceptive Trade Practices Act. The Court will examine the merits of each claim.

**Wrongful Foreclosure**

Defendant contends that Plaintiffs cannot succeed on a wrongful foreclosure action because Plaintiffs have not suffered any damages or other actionable harm. (Def.'s Br. at 10-11.) To recover in a wrongful foreclosure action, the party seeking relief must prove the party suffered injury. *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-CV-0916-B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (citing *Port City State Bank v. Leyco Const. Co., Inc.,* 561 S.W.2d 546, 547 (Tex.Civ.App.-Beaumont 1978)). "In a wrongful foreclosure suit the measure of damages is the difference between the value of the property in question at the date of the foreclosure and the remaining balance due on the indebtedness." *Farrell v. Hunt,* 714 S.W.2d 298, 299 (Tex.1986). This measure of damages is based on a theory of recovery which compensates the aggrieved party for his lost possession of the property. *Peterson v. Black,* 980 S.W.2d 818, 823 (Tex.App.-San Antonio 1998) ("Recovery [for wrongful foreclosure] is conditioned on the disturbance of the mortgagor's possession based on the theory that the mortgagee must have committed a wrong similar to the conversion of personal property"). Because recovery is premised upon one's lack of possession of the property, individuals never losing possession of the property cannot recover in a wrongful foreclosure action. *Id.* As such, courts in Texas do not recognize an action for attempted wrongful foreclosure. *See Wieler v. United Savings Assoc. of Tex.,*

887 S.W.2d 155, 159 n.2 (Tex.App.-Texarkana 1994); *Port City State Bank,* 561 S.W.2d at 547.

Here, Plaintiffs allege that they never received notice of the foreclosure sale, and thus Defendant wrongfully foreclosed on the Property. (Pls.' Pet. at ¶ 11.) Although Defendant began foreclosure proceedings, the undisputed facts show that Plaintiffs are still residing at the Property. Thus, Plaintiffs never lost possession of the Property and are seeking damages for an attempted wrongful foreclosure. An attempted wrongful foreclosure is not an action recognized under Texas law. *See Wieler,* 887 S.W.2d at 159 n.2; *Port City State Bank,* 561 S.W.2d at 547. Because damages is an essential element in a wrongful foreclosure action, and Plaintiffs have failed to show that they are entitled to damages, their claim for wrongful foreclosure is without merit.

**The Texas Property Code**

Plaintiffs allege that Defendant violated the Texas Property Code by failing to provide proper notice of the foreclosure sale. (Pls.' Pet. ¶ 12.) Sections 51.002(b) and (d) of the Texas Property Code outline the duties of a mortgage servicer in providing notice of a foreclosure sale.

Section 51.002(b) states that notice of the sale must be given either by (1) posting written notice on the courthouse door in Dallas County; (2) filing a copy of the written notice with the Office of the County Clerk in Dallas County twenty-one days before the foreclosure sale; or (3) serving written notice by certified mail to Plaintiffs twenty-one days before the date of the foreclosure sale. TEX. PROP. CODE ANN. § 51.002(b). Plaintiffs have not provided this Court with any facts supporting their argument that Defendant violated Section 51.002(b). Plaintiffs blanket assertion that "Defendant failed to notify Plaintiffs of the foreclosure that occurred in October 2010" does not specify how Defendant failed to notify Plaintiffs. (Pls.' Pet. ¶ 11.) Furthermore, Defendant has provided this Court with the written notice that was sent to Plaintiffs by certified mail twenty-one days before the

foreclosure sale, as well as the copy of the written notice that was filed with the Dallas County Clerk's Office twenty-one days before the foreclosure sale. (Def.'s App. Ex.'s C, D.) Plaintiffs have failed to present any genuine issues of material fact to dispute these notices of sale. Thus, Plaintiffs fail to state a cause of action under Section 51.002(b) of the Texas Property Code.

Section 51.002(d) of the Texas Property Code states that a mortgage servicer must provide "written notice by certified mail stating that the debtor is in default under the deed of trust or other contract lien and giv[e] the debtor at least 20 days to cure the default before notice of sale can be given." TEX. PROP. CODE ANN. § 51.002(d). Plaintiffs do not allege that they did not receive a notice of default, nor do they provide any facts or evidence demonstrating a notice of default was not sent to them by Defendant. (*See* Pls.' Pet.) On the contrary, Defendant has provided this Court with a copy of the notice of default and intent to accelerate that was sent by certified mail to Plaintiffs on March 8, 2010. (Def.'s App. Ex. E.) Defendant clearly gave Plaintiffs more than twenty days to cure the default on their loan, as the foreclosure sale did not occur until October 5, 2010. Again, Plaintiffs have failed to present any genuine issues of material fact for trial, and cannot succeed on a claim under Section 51.002(d) of the Texas Property Code.

Plaintiffs further claim that Defendant violated the Texas Property Code in foreclosing on the Property because the transfers of the lien were not timely recorded, and the mortgagee listed on the Notice of Foreclosure Sale was not the current holder of the original promissory note (the "Note"). (Pls.' Pet. ¶¶ 12-13.)

Texas courts have consistently held that recording a lien, deed, or deed of trust is not a requirement in order for those instruments to be enforceable against the party. *See Broyles v. Chase Home Fin.,* No. 3:10-CV-2256-G, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (holding that

transfers and assignments of liens do not need to be recorded prior to the mortgage servicer foreclosing on the property); *Denson v. First Bank & Trust of Cleveland,* 728 S.W.2d 876, 877 (Tex.App.-Beaumont 1987, no writ) (holding a deed of trust does not need to be recorded in order to convey title to the property); *Shaw v. Jackson,* 227 S.W. 520, 522 (Tex.Civ.App.- Beaumont 1920, no writ) (holding a valid lien was created despite the lien not being recorded in the county records). Furthermore, Section 13.001 of the Texas Property Code provides that an "unrecorded instrument is binding on a party to the instrument." TEX. PROP. CODE ANN. § 13.001(b). Thus, Plaintiffs' claim that Defendant could not foreclose on the Property because the transfers of the lien were not timely recorded is without merit.

The mortgagee listed on the Notice of Foreclosure Sale is Defendant. (Def.'s App. Ex. D.) Plaintiffs do not dispute that Defendant is their mortgage servicer, but instead question Defendant's status as the holder of the Note. The Texas Property Code states that "a mortgage servicer may administer the foreclosure of property." TEX. PROP. CODE ANN. § 51.0025. Furthermore, under Texas law, a mortgage servicer may conduct foreclosure proceedings without first establishing that it is the holder of the note. *See Broyles,* 2011 WL 1428904 at *3; *Sawyer v. MERS,* No. 3-09-CV-2303-K, 2010 WL 996768, at *3 (N.D. Tex. Feb. 1, 2010); *Athey v. MERS,* 314 S.W.3d 161, 165-66 (Tex. App. - Eastland 2010, pet. denied). Thus, Defendant was not obligated to prove that it was the holder of the Note before foreclosing on the Property. Again, Plaintiffs' argument lacks merit.

In sum, Plaintiffs fall short of presenting any genuine issues of material fact for trial and their claims under the Texas Property Code fail as a matter of law. Thus, summary judgment should be granted on this cause of action.

**The Texas Business & Commerce Code**

Plaintiffs also allege a violation of the Texas Business & Commerce Code because Defendant failed to produce the Note and show that it was the holder of the Note, thereby failing to demonstrate its ability to foreclose on the Property. (Pls.' Pet. ¶ 19.) Plaintiffs did not provide the provision of the Texas Business & Commerce Code that supports their argument, and the Court has not found any such provision.

In Texas, a mortgage servicer is not required to produce the Note prior to foreclosure. *See Broyles,* 2011 WL 1428904 at *3; *Sawyer*, 2010 WL 996768 at *3. Furthermore, as explained previously, both the Texas Property Code and Texas law allow a mortgage servicer to foreclose on property without first establishing their status as a holder of the note. *See supra.* Plaintiffs' claims under the Texas Business & Commerce Code fail as a matter of law.

**The Texas Finance Code**

Plaintiffs claim that Defendant violated the Texas Finance Code in foreclosing on the Property by (1) not proving that it was the holder of the Note before foreclosure; (2) not producing the Note prior to foreclosure; and (3) "[a]ll alleged transfers, assignments, and misstatements of facts regarding the note". (Pls.' Pet. ¶¶ 20-22.) Specifically, Plaintiffs claim violations of Sections 392.301(8) and 392.304 of the Texas Finance Code. Section 392.301(8) states that a debt collector may not use threats or coercion when threatening to take an action prohibited by law. TEX. FIN. CODE ANN. § 392.301(8). Section 392.304 is somewhat related in that it prohibits a debt collector from using "fraudulent, deceptive, or misleading representations" in collecting a debt. TEX. FIN. CODE ANN. § 392.304.

The Court will not address Plaintiffs' first two arguments, as it has already found that Defendant was not required by law to prove that it was the holder of the Note or produce the Note

9

prior to foreclosing on the Property. *See supra.* Plaintiffs contend that Defendant "violated the Texas Finance Code by alleging transfers and assignments of the Note which are misstatements of fact". (Pls.' Pet. ¶ 24.) Defendant counters that Plaintiffs lack standing to challenge the transfers or assignments of the Note. This Court agrees.

An assignment is a transfer of a right or interest, and thus is a contract between the assignor of the right or interest and the assignee. *Pagosa Oil and Gas, L.L.C. v. Marrs and Smith P'ship*, 323 S.W.3d 203, 211 (Tex. App. 2010, pet. denied). Upon transfer, the assignee becomes authorized to assert that right or interest. *Id.* Assignments are governed by contract law and only parties to the assignments have standing to contest them. *See Eskridge v. Federal Home Loan Mortgage Corp.,* No. W-10-CA-285, 2011 WL 2163989, at *5 (W.D. Tex. Feb. 24, 2011) (holding Plaintiff had no standing to challenge the assignment of the Note or the Deed of Trust because she was not a party to the assignments); *Woods v. Bank of Am., N.A.*, 3:11-CV-1116-B, 2012 WL 1344343, at *5 (N.D. Tex. Apr. 17, 2012) (holding that Plaintiff lacked standing to challenge the assignment of the Deed of Trust because he was not a party to the assignment). Plaintiffs do not allege, and they have not provided any evidence demonstrating that they were a party to the assignments they contest. Plaintiffs, therefore, lack standing to contest the transfer and assignment of the Note.

Plaintiffs fall short of providing any facts or evidence demonstrating that Defendant participated in an action prohibited by law as required by Section 392.301(8) of the Texas Property Code. Plaintiffs also fail to furnish facts or evidence that Defendant engaged in "fraudulent, deceptive, or misleading representations" as required by Section 392.304 of the Texas Finance Code. Hence, the Court finds that there are no genuine issues of material fact for trial and Plaintiffs' claims under the Texas Finance Code cannot stand.

**Deceptive Trade Practices Act**

Plaintiffs' final argument alleges a violation of the Deceptive Trade Practices Act ("DTPA") because Defendant "engaged in certain false, misleading and deceptive acts, practices and/or omissions". (Pls.' Pet. ¶ 23.) Plaintiffs fail to provide any facts or evidence to support this contention. Nevertheless, the Court will address their argument.

Under Texas law, the elements of a DTPA claim are: "(1) the plaintiff is a consumer, (2) the defendant engaged in false, misleading, or deceptive acts, and (3) these acts constituted a producing cause of the consumer's damages." *Marquez v. Fed. Nat. Mortg. Ass'n*, 3:10-CV-02040-L, 2011 WL 3714623, at *5 (N.D. Tex. Aug. 23, 2011) (citing *Doe v. Boys Club of Greater Dallas, Inc.,* 907 S.W.2d 472, 478 (Tex.1995)). Thus, a claimant asserting a cause of action under the DTPA, must be a "consumer" in order to have standing. *See Woods*, 2012 WL 1344343 at *7 (quoting *Cushman v. GC Services, L.P.,* 397 Fed. App'x 24, 27–29 (5th Cir.2010). A "consumer" under the DTPA is defined as one who "seeks or acquires by purchase or lease, any goods or services." TEX. BUS. & COM. CODE ANN. § 17.45(4). "Goods" include "tangible chattels or real property purchased or leased for use." *Id.* at § 17.45(1). "Services" are defined as "work, labor, or service purchased or leased for use, including services furnished in connection with the sale or repair of goods." *Id.* at § 17.45(2).

Texas Courts have consistently held that borrowing money does not constitute acquisition of a good or service. *See Marquez*, 2011 WL 3714623 at *5; *Woods,* 2012 WL 1344343 at *7; *Myers v. Bank of America, N.A.,* No. 4:11–CV–457, 2012 WL 1107687, at *2 (E.D.Tex. March 31, 2012) (citing *La Sara Grain Co. v. First Nat'l Bank of Mercedes,* 673 S.W.2d 558, 566 (Tex.1984); *Riverside Nat'l Bank v. Lewis,* 603 S.W.2d 169, 174–75 (Tex.1980)). "Although a loan is not in itself a good or service, a lender may be subject to a DTPA claim if the borrower's objective is the purchase of a good

or service." *Marquez,* 2011 WL 3714623 at *5 (citing *La Sara Grain Co.,* 673 S.W.2d at 567). The deciding factor is whether the purchase or lease of a good or service was "an objective of the transaction, not merely incidental to it." *Id.* (quoting *FDIC v. Munn,* 804 F.2d 860, 865 (5th Cir.1986)).

Here, it appears that Plaintiffs obtained a loan to purchase the Property. The servicing of the loan was incidental to that objective. Plaintiffs were not purchasing a good or service with respect to the servicing of the loan. Thus, the Court finds that Plaintiffs are not "consumers" for purposes of the DTPA. *See Marquez,* 2011 WL 3714623 at *6; *Woods*, 2012 WL 1344343 at *7.

Because Plaintiffs cannot demonstrate that they are "consumers", they lack standing to assert a claim under the DTPA. Furthermore, they cannot prove a necessary element for which they have the burden of proof at trial for a DTPA claim. Hence, Plaintiff's claim under the DTPA is barred.[2]

## Conclusion

This Court finds that Defendant has met its burden of demonstrating that it is entitled to judgment as a matter of law because based on the undisputed facts, there is no genuine issue of material fact for trial. Accordingly, the Court recommends that the District Court GRANT Defendant's Motion for Summary Judgment (doc. 53) and dismiss with prejudice Plaintiff's claims against Defendant.

Furthermore, the Court recommends that Plaintiffs' Motion to Dismiss Without Prejudice (doc. 58), filed on May 31, 2012, should be DENIED. Additionally, the Clerk of the Court is instructed to

---

[2] The Court notes that since Plaintiffs have failed to establish any valid causes of action, they are not entitled to damages and cannot recover attorney's fees. *See Green Int'l, Inc. v. Solis,* 951 S.W.2d 384, 390 (Tex. 1997). Thus, their request for attorney's fees in their Original Petition should be denied.

12

term Plaintiffs' Motion to Withdraw as Attorney (doc. 63), as the motion is MOOT.

      SO ORDERED, August 10, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).